# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICARDO CERVANTES-RUIZ,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-20-697-P |
| ) | |
| **KILOLO KIJAKAZI,** ) | |
| Acting Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| **Defendant.** ) | |

## **ORDER**

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. Defendant has answered the Complaint and filed the administrative record (hereinafter AR___), and the parties have briefed the issues. For the following reasons, Defendant's decision is reversed and remanded for further administrative proceedings

I. <u>Administrative History and Final Agency Decision</u>

Plaintiff filed his applications for disability insurance benefits on June 1, 2018, AR 197-98, alleging he became disabled on November 19, 2015. AR 197. The Social Security Administration denied Plaintiff's applications on September 4, 2018, *see id.* at 72-83, 84, and on reconsideration on September 27, 2018. AR 86, 88-100.

Plaintiff appeared with counsel and testified at an administrative hearing conducted before an Administrative Law Judge ("ALJ") on September 20, 2019. AR 33-71. A vocational expert ("VE") also testified. AR 54-69. On October 2, 2019, the ALJ issued a decision in which he found Plaintiff was not disabled within the meaning of the Social Security Act. AR 12-28.

Following the agency's well-established sequential evaluation procedure, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 19, 2015, the alleged onset date. AR 20. At the second step, the ALJ found Plaintiff had severe impairments of degenerative disc disease of the lumbar spine and status post spinal surgery, spine disorder, dysfunction of the major joints, status post right elbow surgery with residual effects, and status post surgery of the left hand. *Id.* At the third step, the ALJ found these impairments were not *per se* disabling as Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the requirements of a listed impairment. AR 21. At step four, the ALJ determined Plaintiff's residual functional capacity ("RFC") and, relevant to Plaintiff's appeal, it included the limitation that Plaintiff "cannot read, write, speak, or understand English." *Id.*

At step five, relying on the VE's testimony, the ALJ determined Plaintiff could not perform his past relevant work. AR 26. Still relying on the VE testimony, the ALJ found Plaintiff could perform other jobs existing in significant numbers in

the national economy, including router, bench assembler, and marker. AR 26-27. As a result, the ALJ concluded Plaintiff had not been under a disability, as defined by the Social Security Act, from November 19, 2015 through the date of the decision. AR 27.

The Appeals Council denied Plaintiff's request for review, and therefore the ALJ's decision is the final decision of the Commissioner. 20 C.F.R. § 404.981; *Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009).

## II. Issue Raised

On appeal, Plaintiff contends there is a conflict between the VE's testimony regarding the jobs Plaintiff can perform and the Dictionary of Occupational Titles regarding what those jobs entail. Doc. No. 21 ("Op. Br.") at 5-9.

## III. General Legal Standards Guiding Judicial Review

Judicial review of Defendant's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). Substantial evidence "means-and means only- 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, __ U.S. __, 139 S.Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

The "determination of whether the ALJ's ruling is supported by substantial evidence must be based upon the record taken as a whole. Consequently, [the Court must] remain mindful that evidence is not substantial if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citations, quotations, and brackets omitted). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* (quotations omitted). While a court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, a court does not reweigh the evidence or substitute its own judgment for that of Defendant. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

IV.   Analysis

Plaintiff contends substantial evidence does not support the ALJ's step-five determination that jobs exist in significant numbers that Plaintiff can perform. Op. Br. at 5-9. Specifically, Plaintiff alleges that the Dictionary of Occupational Titles' ("DOT") job descriptions for the three jobs identified by the ALJ conflict with the VE's testimony because the jobs have language requirements he may not be able to meet in light of his inability to read, write, speak, and understand English. *Id.*[1]

---

[1] The DOT, published by the Department of Labor, is one of several publications from which the Social Security Administration "will take administrative notice of reliable job

4

A plaintiff's vocational factors of age, education, and work experience are considered, along with the plaintiff's RFC, to determine at step five of the sequential evaluation process whether there are a significant number of jobs a plaintiff can perform. 20 C.F.R. § 404.1560(c)(1); *Halsell v. Astrue*, No. CIV–10–839–L, 2011 WL 3818892, at *2 (W.D. Okla. July 20, 2011) ("Vocational factors, including education, are considered at step five of the sequential evaluation process."), *report and recommendation adopted*, 2011 WL 3818809 (W.D. Okla. Aug. 26, 2011). The vocational factor of education includes whether a plaintiff has the ability to communicate in English:

> b) How we evaluate your education. . . . The term education also includes how well you are able to communicate in English since this ability is often acquired or improved by education. In evaluating your educational level, we use the following categories:
>
>   . . . .
>
> (5) Inability to communicate in English. Since the ability to speak, read and understand English is generally learned or increased at school, we may consider this an educational factor. Because English is the dominant language of the country, it may be difficult for someone who doesn't speak and understand English to do a job, regardless of the amount of education the person may have in another language. Therefore, we consider a person's ability to communicate in English when we evaluate what work, if any, he or she can do. It generally doesn't matter what other language a person may be fluent in.

---

information." 20 C.F.R. § 404.1566(d)(1).

5

20 C.F.R. § 404.1564.[2] Because the ability to communicate in English is a vocational factor of education rather than an aspect of the RFC, the alleged conflict is more properly described as between the DOT job entries relied upon by the ALJ and Plaintiff's vocational factors. *See Halsell*, 2011 WL 3818892, at *2 ("Vocational factors, such as education, are distinct from the RFC").

It is undisputed that Plaintiff is unable to read, write, speak, or understand English and the ALJ included this limitation in his decision. During the administrative hearing, however, the ALJ did not initially include the limitation in the hypothetical scenarios he presented to the VE. AR 60-65. After questioning from Plaintiff's counsel, the ALJ acknowledged it should have been included. AR 68. The discussion between the VE, the ALJ, and Plaintiff's counsel regarding the effect of this limitation was exceedingly convoluted. AR 62-69. What is clear though is that the ALJ, in discussing this limitation with the VE, consistently limited the effect of Plaintiff's inability to communicate in English to whether a potential job would require him to have contact with the public. *Id.* The VE testified that Plaintiff could perform the jobs of marker, router, and bench assembler as they were categorized as

---

[2] Although 20 C.F.R. § 404.1564 was amended on April 27, 2020, by deleting Section 404.1564(b)(5), Plaintiff's hearing took place on September 20, 2019. As such, the language in § 404.1564(b)(5) applies to Plaintiff.

light work, fit within Plaintiff's physical limitation parameters, and did not require contact with the public. AR 65, 66.

When the disability analysis reaches step five of the sequential process, the burden shifts to Defendant to show that "there are sufficient jobs in the national economy for a hypothetical person with [the plaintiff's] impairments," *Jensen v. Barnhart*, 436 F.3d 1163, 1168 (10th Cir. 2005), "given [his] age, education, and work experience." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations omitted); *see also* 20 C.F.R. § 404.1560(c)(1). In making this determination, an ALJ may properly rely on a VE's testimony, *Haddock v. Apfel*, 196 F.3d 1084, 1089 (10th Cir.1999), but only when a plaintiff's impairments and limitations are adequately and precisely reflected in the hypothetical posed to the expert. "Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision." *Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (alteration and quotations omitted); *see also Sitsler v. Astrue*, 410 F. App'x 112, 120 (10th Cir. 2011) ("[C]aution[ing] the ALJ that a proper hypothetical question relating with precision all of the claimant's impairments is required in order for a VE's testimony to constitute substantial evidence to support the decision"); *Vail v. Barnhart*, 84 F. App'x 1, 5 (10th Cir. 2003) (remanding when, "contrary to the ALJ's assertion in his decision, his hypothetical questions to the VE did not contain key facts that must

inform the agency's conclusion"). *See generally* 20 C.F.R. § 404.1566 (outlining factors and sources ALJ considers in determining whether work exists in the national economy and whether a claimant's work skills can be used in other work).

Defendant argues the ALJ's decision should be affirmed because after he told the VE that Plaintiff cannot read, write, understand, or speak English, the VE testified that Plaintiff could perform the jobs of marker, router, and bench assembler. Defendant also states that the VE did not identify any language-related conflicts between the DOT and his testimony about these three jobs. *Id.* at 7.

A review of the transcript reveals that after the VE identified the three jobs in question based primarily, if not entirely, on whether public contact was involved, the VE never stated that there were no conflicts between the DOT and these jobs. AR 68-69. Nor did the ALJ make such an inquiry. *Id.* Moreover, it was well after he identified the subject jobs that the VE clarified Plaintiff is not only unable to speak English but also cannot write or read English. AR 71.

Based on the DOT's description of these jobs, this potential error is not insignificant. The jobs of router and bench assembler have Language Levels rated at 2. The DOT lists the requirements of Language Level 2 for router and bench assembler as:

> READING: Passive vocabulary of 5,000-6,000 words. Read at rate of 190-215 words per minute. Read adventure stories and comic books, looking up unfamiliar words in dictionary for meaning, spelling, and

> pronunciation. Read instructions for assembling model cars and airplanes.
>
> WRITING: Write compound and complex sentences, using cursive style, proper end [punctuation], and employing adjectives and adverbs.
>
> SPEAKING: Speak clearly and distinctly with appropriate pauses and emphasis, correct [punctuation], variations in word order, using present, perfect, and future tenses.

DOT #222.587-038 (router), 1991 WL 672123; DOT #706.684-042 (bench assembler), 1991 WL 679055. The DOT assigns a Language Level of 1 to the job of marker and lists those requirements as follows:

> READING: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute. Compare similarities and differences between words and between series of numbers.
>
> WRITING: Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses.
>
> SPEAKING: Speak simple sentences, using normal word order, and present and past tenses.

DOT #209.587-034 (marker), 1991 WL 671802.

The Tenth Circuit has held that an "ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." *Haddock*, 196 F.3d at 1091; *see also* Social Security Ruling ("SSR") 00–4p, 2000 WL 1898704, at *1 ("[B]efore relying on VE . . . evidence to support a disability determination or decision, our adjudicators must:

Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT], including its companion publication, . . . and Explain in the determination or decision how any conflict that has been identified was resolved."). There is a clear conflict between the language requirements of the jobs the ALJ identified and Plaintiff's inability to read, write, understand, and speak English. The ALJ did not fulfill his duty to "investigate" and "elicit a reasonable explanation for" this conflict. *Haddock*, 196 F.3d at 1091; SSR 00–04, 2000 WL 1898704, at *2. Accordingly, the ALJ could not rely on the VE's testimony as evidence that Plaintiff is able to perform jobs that exist in significant numbers in the national economy. *See Beloborodyy v. Colvin*, No. 11–cv–00797–PAB, 2013 WL 5366860, at *5 (D. Colo. Sept. 25, 2013) (reversing where substantial evidence did not support ALJ's decision that plaintiff with limited ability to communicate in English could perform jobs identified by VE with language levels of 1 and 2 when ALJ did not provide reasonable explanation for the conflict); *see, cf., Nail v. Colvin*, No. CIV–12–65–SPS, 2013 WL 955023, at *3-4 (E.D. Okla. Mar. 12, 2013) (remanding for unresolved conflicts between VE testimony and the DOT when, among other conflicts, ALJ did not reconcile the plaintiff's illiteracy with jobs requiring reading levels of at least 2). While the Court recognizes it is entirely possible a VE may conclude Plaintiff can perform the identified jobs in spite of his language barrier, the record currently before the Court

does not allow a conclusion that the ALJ's decision is supported by substantial evidence at step five.

V.   Conclusion

Based on the foregoing analysis, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings. Judgment will issue accordingly.

ENTERED this  20th  day of  August , 2021.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE